IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JIMMY P.[1], <br><br>   Plaintiff, <br><br> v. <br><br> FRANK BIGISNANO, Commissioner of Social Security[2], <br><br>   Defendant. | Case No. 22 C 6629 <br><br> Hon. LaShonda A. Hunt |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jimmy P. appeals the decision of the Commissioner of Social Security denying his application for disability benefits. For the reasons discussed below, Plaintiff's motion to reverse and remand (Dkt. 15) is denied, the Commissioner's motion for summary judgment (Dkt. 19) is granted, and the denial of benefits is affirmed.

**BACKGROUND**

Plaintiff suffered an aneurysm in March 2020 and was admitted to the hospital for three days. (R. at 392). At that time, he was diagnosed with hypertensive crisis, hypertension, and thoracic aortic aneurysm. (*Id.*). A couple months later, he filed applications for disability insurance and supplemental security income disability benefits, alleging a disability onset of March. (R. at 15). Chest imaging in June and September 2020 showed a pseudoaneurysm with no changes. (R. at 495, 502). He was hospitalized again in October 2020 for syncope,

---

[1] Pursuant to Internal Operating Procedure 22, the Court will identify the non-government party by using his full first name and the first initial of his last name.

[2] In accordance with Fed. R. Civ. P. 25(d), Frank J. Bisignano, the current Commissioner of Social Security, is substituted as defendant. (Dkt. 27).

1

hypertension and orthostatic hypertension. (R. at 599). Plaintiff further suffers from lower back pain and was diagnosed with sciatica in November 2020. (R. at 838-42). Another emergency room trip occurred in January 2021 and the treatment notes included statements from Plaintiff that he had done heavy clean up work the day before including lifting heavy garbage bags and removing wet dry wall. (R. at 938). Plaintiff was subsequently cleared to return to work. (R. at 1089).

In April 2021, Plaintiff underwent a medical consultative exam in connection with his benefits application. (R. at 1149-52). A month later, in May 2021, his claim was denied based on a report by state agency expert Dr. Vidya Madala. (R. at 54-83). Dr. Madala found that Plaintiff had the following severe impairments: essential hypertension, aortic aneurysm, emphysema, and disorders of the skeletal spine. (R. at 60-61). Dr. Mandala also noted that Plaintiff was limited to occasionally lifting or carrying twenty pounds, could frequently carry ten pounds, could frequently climb stairs, stoop, kneel, crouch, and crawl, and should avoid concentrated exposure to heat, humidity, fumes, odors, dusts, gases and hazards, giving examples of machinery and heights. (R. at 63-65). Based on that assessment, Dr. Madala concluded that Plaintiff could perform his past relevant work in car parts retail (Dictionary of Occupational Titles (DOT) code 279.357-062). (R. at 67).

Plaintiff appealed this denial, and his claim was again denied upon reconsideration in October 2021, based on a report by a different state agency expert, Dr. James Madison. (R. at 86-100). Dr. Madison found that Plaintiff had the following severe impairments: aneurysm of aorta or major branches, disorders of the skeletal spine, and heart failure. (R. at 88). He also found Plaintiff was limited to lifting twenty pounds occasionally and ten pounds frequently. (R. at 89). Dr. Madison determined Plaintiff had no limitations with climbing stairs, could frequently kneel, crouch, crawl, and could only occasionally stoop or climb ladders or scaffolds. Dr. Madison found

2

no environmental limitations except to avoid concentrated exposure to hazards. Consistent with Dr. Madala, Dr. Madison concluded that Plaintiff could perform his past relevant work in car parts retail, giving the same DOT code. (R. at 96).

After another denial of reconsideration, Plaintiff requested a hearing before an ALJ. His counsel submitted a pre-hearing brief summarizing Plaintiff's ailments and treatment and arguing that he was unable to engage in even sedentary, unskilled labor. (R. at 330-31). The pre-hearing brief made no mention of any specific work history.

At the hearing before ALJ Karen Sayon, Plaintiff testified about his pain, difficulty completing tasks, and frequent dizziness. (R. at 36-48). The ALJ questioned Plaintiff regarding some of his previous work experience and attempted to clarify whether he was working at the time of the January 2021 emergency room visit. Vocational expert (VE) Michelle Peters-Pagella also testified. (R. at 49-52). The VE confirmed that she had reviewed the evidence and listened to Plaintiff's testimony. Upon questioning by the ALJ, the VE described Plaintiff's past work and noted that he had worked as an auto parts clerk. The VE determined that he performed this job at a medium physical demand level, but that it was generally performed at the light level, meaning lifting no more than twenty pounds. She specified that this previous work would be classified under DOT code 279.357-062, the same code given by both state agency experts in their reports. After the ALJ narrowed her hypothetical limitations for Plaintiff to light work with no concentrated exposure to hazards, defined as work on scaffolding, the VE testified that the auto parts clerk would still be a suitable position as it is generally done in the economy.

ALJ Sayon issued an unfavorable determination, finding that Plaintiff was not disabled. (R. at 15-24). Proceeding through the required five-step analysis, she made the following findings. At step one, Plaintiff had not engaged in substantial gainful activity but she reserved a finding of

3

whether he had engaged in any work activity due to the January 2021 work note issued by the ER. At step two, Plaintiff had two severe impairments: hypertension and aortic pseudoaneurysm and three non-severe impairments: emphysema, sciatica, and kidney disease. She did not find any of the listings to be met at step three, and noted that Plaintiff had not alleged that any had been met or equaled. At step four, she determined Plaintiff had the residual functional capacity (RFC) to perform light work as defined in the regulations with the additional limitations of "no concentrated exposure to extreme heat, humidity, or hazards (defined as work on scaffolding)." (R. at 19). She further limited him to only occasionally climbing ladders but found he was able to frequently crawl, crouch, kneel, stoop, and climb ramps or stairs.

      The ALJ explained that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however; [his] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (R. at 20). After detailing his medical history, including symptoms and treatment, she noted that while he had suffered from an aneurysm, dizziness, shortness of breath, hypertension, and sciatica, he had "not consistently reported symptoms" and had "been found not to be a candidate for surgery and has been sustained on medication." (R. at 20-21). For support, she pointed to treatment notes describing him as walking frequently and working out with weights. The ALJ stated that she considered the medical evidence in coming to her RFC determination, for example: "[t]he effects of sciatica were considered in combination with his hypertension and pseudoaneurysm in affecting ability to perform other postural activities." (R. at 21).

      She also disclosed that she found the administrative medical findings from the initial determination generally persuasive, except for the pulmonary limitations because the record was

limited for specific treatment for a respiratory disorder, noting that Plaintiff does not even use an inhaler. She considered the findings on reconsideration to not be persuasive since the lessening of some limitations was not explained or supported by the record. And she considered the limitation in how much weight Plaintiff could lift by Dr. Patricia Vassallo from June 24, 2020, to be persuasive because it was consistent with the record.

Based on his RFC, the ALJ determined that Plaintiff could still perform his past relevant work as an auto parts clerk and referenced DOT number 279.357-010. She found that he could perform this job as it was generally performed in the economy based on the VE's testimony. (R. at 23). Because he could perform his previous work, she concluded that Plaintiff was not disabled and thus did not move forward to step five.

Plaintiff tried to petition the appeals council for review, but that request was denied, making the ALJ's opinion the final decision of the Commissioner of Social Security. (R. at 1). He timely appealed to this Court.

## **SOCIAL SECURITY REGULATIONS AND STANDARD OF REVIEW**

The Social Security Administration created a five-step analysis to determine whether an individual is disabled. 20 C.F.R. § 416.920. An ALJ engages in this analysis when reviewing a petition. First, if a claimant is engaged in "substantial gainful activity" then they are not disabled. *Id*. Second, a claimant must have an impairment or combination of impairments which significantly limits their physical or mental ability to do basic work activities. *Id*. Third, the ALJ must determine whether the claimant's impairments meet or equal one of the "listings." *Id*. The "listings" refers to 20 C.F.R., Subpart P, Appendix 1, which describes various criteria for different impairments that, if met, will satisfy that the claimant is disabled. Fourth, if no listing is met, the ALJ must determine what the claimant's residual functional capacity (RFC) is and determine

whether the claimant can perform their past relevant work. *Id.* If a claimant cannot perform their previous work, then the burden shifts to the Commissioner to show that "other work exists in significant numbers in the national economy" which the claimant can perform with their RFC. 20 C.F.R. § 416.960.

If a claimant appeals the ALJ's decision to the district court, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). However, the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." *Id*. Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In order to meet the substantial evidence standard, the ALJ's reasoning "must provide a 'logical bridge' between the evidence and his conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (quoting *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021)). The reviewing court will not reweigh the evidence or substitute its own judgment in place of the ALJ's if there is substantial evidence to support the ALJ's determination. *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

## DISCUSSION

Plaintiff seeks reversal of the ALJ's decision on two primary grounds: (1) she failed to appropriately consider and explain the persuasiveness of the state agency physicians' opinions, and (2) her analysis of whether Plaintiff could perform his previous work was not supported by substantial evidence. The Court disagrees.

### I.

Plaintiff contends that the ALJ erred in not properly analyzing the state agency opinions and instead relying on her lay judgment in three ways: (1) she did not adopt all of the severe impairment findings in step two and this affected her analysis at step four, (2) she did not adopt the pulmonary limitations on exposure to fumes, odors, dusts, gases, or poor ventilation, and (3) she did not adopt the limitation on all hazards.

First, Plaintiff argues that the ALJ should have adopted all of the severe impairments listed in both state agency physician reports. Dr. Madala found severe impairments of essential hypertension, aortic aneurysm, emphysema, and disorders of the skeletal spine. Dr. Madison, on reconsideration, found severe impairments of aneurysm of the aorta or major branches, disorders of the skeletal spine, and heart failure. In comparison, the ALJ determined that Plaintiff had severe impairments in the form of hypertension and aortic pseudoaneurysm and non-severe impairments of emphysema, sciatica, and kidney disease. Upon review of the record, the Court finds that the ALJ properly considered the medical opinions and supported her decision with substantial evidence.

The ALJ is not required to fully adopt any one medical opinion. *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007) ("[A]n ALJ must consider the entire record, but the ALJ is not required to rely entirely on a particular physician's opinion."). The ALJ discussed the state agency opinions and found only the first to be generally persuasive and the second to not be persuasive because the findings were not consistent with the overall record. *Filus v. Astrue*, 694 F.3d 863, 868 (7th Cir. 2012) (affirming ALJ giving less weight to one medical opinion because it was not supported by other record evidence). Concerning the first medical opinion, the ALJ explained that she did not find emphysema to be a severe impairment because the record did not show specific treatment for a respiratory impairment. Similarly, she did not find sciatica to be a severe

7

impairment because while the record showed some mild lumbar tenderness, there were only limited signs of loss of range of motion or uneasy gait. That explanation is sufficient to support her decision. The ALJ did consider both of these impairments plus kidney disease as non-severe impairments while determining Plaintiff's RFC as she was required to do. 20 C.F.R. § 404.1545.

Plaintiff's second and third contentions fare no better. Plaintiff argues that the ALJ erred by not adopting Dr. Madala's recommendation that Plaintiff avoid concentrated odors, dusts, gases, or poor ventilation and that he avoid all hazards. While Plaintiff maintains that the ALJ rejected the state agency physician's limitations based on nothing more than her own lay judgment, that is not true. She did not find the pulmonary limitations to be persuasive given the record's limited treatment for a respiratory disorder and evidence that Plaintiff did not even use an inhaler. And regarding the hazards limitation, while the ALJ does not specifically mention allowing machinery hazards, she stated that "[t]he limitations provided, apart from exposure to pulmonary irritants, are supported by his history of hypertension as well as imaging showing pseudoaneurysm" which indicates she adopted or at least considered the hazards limitation set by Dr. Madala. As already stated, the ALJ is not required to adopt all of the findings from any one medical opinion. Rather, she must act as a fact finder by reviewing the entire record and explaining her ultimate conclusions. That is what she did here.

Moreover, even if the Court were to find that the ALJ did not adequately explain her reasoning, under these circumstances, that would constitute harmless error only. In other words, Plaintiff advocates for adoption of the state agency opinions while ignoring the fact that both doctors found he could perform the exact same previous work that the ALJ ultimately concluded he could still do: car parts retail, DOT code: 279.357-062. Plaintiff's contention that had the ALJ considered the entire record—by including all the severe impairments and limitations proposed

by the state agency doctors—she might have come to a different conclusion, is wholly speculative. Indeed, it is illogical to think that she would have accepted those impairments and limitations and rejected their recommendation and concluded that he was not disabled.

## II.

Plaintiff also contends that the ALJ's step four analysis is not supported by substantial evidence. First, he points out that she cited the incorrect DOT code in her opinion. Second, he challenges her determination that he could perform his previous relevant work. The Court is not persuaded.

Plaintiff is correct that the ALJ used DOT code 279.357-010 in her opinion instead of DOT code 279.357-062 which was cited in the state agency opinions and testified to by the VE at the hearing. The DOT code the ALJ used corresponds to the job of sales exhibitor for a non-profit organization, which both parties agree Plaintiff never performed. Even so, this is nothing more than a harmless typographical error. *See Nam v. Saul*, No. 19-CV-7832, 2020 WL 6781800, at *5 (N.D. Ill. Nov. 18, 2020) (citing *Brown v. Bowen,* 847 F.2d 342, 345 (7th Cir. 1988)). The incorrect DOT code was only two digits off, the correct DOT code was consistently used by the state agency doctors and the VE at the hearing, and significantly, the ALJ used the same title "auto parts clerk" that the VE used to describe the position.

Next, Plaintiff argues that because the ALJ acknowledged he performed his previous job at a "medium" strength level but found he could perform the job only at a "light" level, she should have analyzed it as a composite job. Not so. For starters, the Seventh Circuit has made it clear (in line with the Social Security Rulings) that an "ALJ need not conclude that the claimant is capable of returning to the precise job he used to have; it is enough that the claimant can perform jobs substantially like that one." *Getch v. Astrue*, 539 F.3d 473, 482) (citing Social Security Ruling 82-

9

61). Even so, Plaintiff is correct that if the ALJ determined his previous work was a composite job, then she could not use that job at step four. *Ray v. Berryhill*, 915 F.3d 486, 491 (7th Cir. 2019). However, Plaintiff did not offer any evidence that this was indeed a composite job. Nor does he cite any authority indicating that an ALJ should disregard a VE's uncontroverted testimony about job duties and classification. In fact, the ALJ is allowed to rely on such testimony from the VE. *Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002).

Plaintiff nonetheless maintains that his previous job was a composite job primarily between DOT code 279.357-062, salesperson, parts and DOT code 222.367-042, parts clerk, but also with stock clerk, and cleaner (commercial or industrial) because the job duties he listed in his work history report were selling auto parts, putting up stock, and cleaning. But the burden was on Plaintiff at step four to prove that he could not perform his previous work. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992) The ALJ properly relied on the VE's testimony that Plaintiff's previous work as an auto parts clerk would be classified as DOT code 279.357-062. The VE testified that she reviewed the record and listened to the testimony before classifying his previous work under that DOT code. It is not this Court's job to supplant the ALJ's factual findings. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007) ("When reviewing for substantial evidence, we do not displace the ALJ's judgment by reconsidering facts or evidence or making credibility determinations."). The ALJ is "entitled to accept the vocational expert's conclusion, even if that conclusion differs from the Dictionary's" when the VE's testimony is not questioned. *Donahue*, 279 F.3d at 446. Plaintiff was represented by counsel but did not ask the VE any questions during the hearing or offer rebuttal evidence post-hearing. It is not appropriate for these issues to be raised now. *Id.* at 447 ("Raising a discrepancy only after the hearing, as Donahue's lawyer did, is too late.").

10

## CONCLUSION

For all the foregoing reasons, Plaintiff's motion to reverse and remand is denied, the Commissioner's motion for summary judgment is granted, and the final decision of the Commissioner denying benefits is affirmed.

**DATED**: December 19, 2025          **ENTERED**:

*LaShonda A. Hunt*
LASHONDA A. HUNT
United States District Judge